USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/06

**MEMORANDUM ENDORSEMENT**

Oubre v. Clinical Supplies Management, Inc., 05 Civ. 2062 (LLS)

The issues raised in the parties' pending motions are disposed of as follows.

A.

Fraud on the Court

The evidence of fraud, while highly suggestive, fails to reach the clear and convincing level required to justify a determination in defendant's favor as a matter of law. See McMunn v. Memorial Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002) ("a fraud on the court 'occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense'"), quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989). Oubre's explanations, for what defendant claims are his shifting theories and positions, and conflicting statements, should be tested by direct and cross examination at trial.

The motion for sanctions for fraud on the court is denied.

B.

Motion to Amend

In light of statements in Finken's emails to Oubre, such as, "I got your employment and equity documents. We are agreed on the terms.", one cannot say that it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." If only the evidence favorable to him is considered, and all inferences drawn in his favor, it is not sure beyond doubt that he will lose. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires."

The motion for leave to file the amended complaint is granted.

C.

<u>Motion for Sanctions for Spoliation of Evidence</u>

Questions concerning Oubre's actions and state of mind in disposing of the computers, and concerning the information the computers contained at the time, cannot adequately be answered on the papers presented.

Accordingly, under Fed. R. Civ. P. 43(e) the issues with respect to the claimed spoliation and any sanctions will be heard on oral testimony in court at a time and date to be set by counsel, in communication with Deputy Clerk Linda Thomas, by telephone (212) 805-0123 upon their receipt of this order.

Dated: New York, NY
       July 27, 2006

                              _____
                              Louis L. Stanton
                              U.S.D.J.